UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE CARTER WATSON,<br>Plaintiff,<br>v.<br>SHARP PROPERTY MANAGEMENT,<br>Defendant. | CASE NO. 3:26-cv-05744-DGE<br><br>ORDER DISMISSING COMPLAINT (DKT. NO. 4) |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), submitted a complaint on July 13, 2026, against Defendant Sharp Property Management. (Dkt. No. 4.)

## I BACKGROUND

Plaintiff's claims stem from an allegation that his roof leaked for eight years, exposing his "walls, electric wires, [and] heater." (Dkt. No. 4 at 5.) He alleges some unidentified individual laughed at him when his disability payee "asked to fix it." (*Id.*) Plaintiff alleges "Sharp fix[ed] the [leak] on the 8 years, and [he] started getting very sick in the hospital," which

led to losing his job as a preschool teacher. (*Id.*) Plaintiff also alleges that "maintenance worked on the [apartment] for [four] months" and they consistently told him to leave. (*Id.*) Plaintiff alleges he was "fin[al]ly pushed out" on December 16, 2025. (*Id.*)

Plaintiff contends that the Court has federal question jurisdiction over his claims. (*Id.* at 3.) Specifically, Plaintiff raises claims related to the "American[s] with Dis[a]bility Act," ("ADA"), retaliation, discrimination, breach of contract, mold, and asbestos.[1] (*Id.*) Plaintiff claims he is entitled to damages because 90% of his possessions were disposed of, he suffered physical and mental injuries he will not fully recover from, he lost his job, and he "almost died." (*Id.* at 5.)

## II LEGAL STANDARD

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The standard for determining whether [a] [p]laintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant

[1] Plaintiff also lists "[unlawful] [e]ntry To Apt" as a cause of action in his application to proceed IFP. (Dkt. No. 1 at 1.) However, this claim does not appear in the complaint. Plaintiff must properly plead any unlawful entry claim in an amended complaint before the Court will address it.

to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

A complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

## III DISCUSSION

The Court construes Plaintiff's complaint as a disability discrimination claim and a disability retaliation claim under the ADA, 42 U.S.C. § 12101 *et seq*.

"The ADA is structured as separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111–12117, covers discrimination in employment; Title II, 42 U.S.C. §§ 12131–12165, covers discrimination in public services; and Title III, 42 U.S.C. §§ 12181–12189, covers discrimination in public accommodations and services operated by private entities." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). Each title prohibits disability-based discrimination. 42 U.S.C. § 12112(a); 42 U.S.C. § 12132; 42 U.S.C. § 12182(a).

Plaintiff does not specify which title of the ADA he brings his claim under. (*See generally* Dkt. No. 4.) In any case, Plaintiff fails to allege facts sufficient to state a claim under Titles I, II or III of the ADA. First, Plaintiff does not identify facts related to any personal disability. Second, Plaintiff does not plead any facts to support an inference that Defendant participated in any of the alleged actions, or that Defendant's actions were motivated by a

disability-based discriminatory animus. Neither does Plaintiff allege whether Defendant is a "private entity" or "place of public accommodation" within the meaning of the ADA. While district courts must liberally construe pro se filings, especially in civil rights cases, they "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

Plaintiff's retaliation claim fails for similar reasons. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed an act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation, a plaintiff must show that: (1) they were engaged in a protected activity; (2) that they suffered an adverse action, and (3) that there was a causal link between the two. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). Plaintiff provides no information regarding whether he was engaged in a protected activity, the type or extent of adverse action Defendant allegedly took against him, or whether there is a causal link between any such action and Plaintiff's protected activity. *Brenneise*, 806 F.3d at 473.[2]

## IV CONCLUSION

Notwithstanding the deficiencies identified above, because this is Plaintiff's first complaint, the Court cannot determine with certainty whether any potential amendment would be futile.[3] Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C.

[2] Because Plaintiff has not stated a cause of action under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and DISMISSES them without prejudice.

[3] If Plaintiff wishes to continue pursuing his ADA discrimination or retaliation claims, any amended complaint must set forth factual content permitting the Court to draw a reasonable

§ 1915(e)(20)(B)(ii) with leave to amend. Any amended complaint SHALL be filed **no later than August 24, 2026**. The Clerk is directed to calendar this event.

Because the Court dismisses Plaintiff's complaint, Plaintiff's motion to appoint counsel (Dkt. No. 5) is DENIED as moot. If Plaintiff wishes to renew the motion to appoint counsel, Plaintiff must file a new motion to appoint counsel after the amended complaint is filed and screened by the Court.

Dated this 27th day of July, 2026.

David G. Estudillo
United States District Judge

---

inference that Defendant is liable for disability-based discrimination in violation of the ADA, or for a retaliation claim, facts describing the protected activity he engaged in, the name of the person (or persons) who retaliated against him, and the actions taken against him in retaliation.