UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE CARTER WATSON,<br><br>Plaintiff,<br><br>v.<br><br>SHARP PROPERTY MANAGEMENT, et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05744-DGE<br><br>ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 7) |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding *pro se* and *in forma pauperis* (“IFP”), submitted a complaint on July 13, 2026, against Defendant Sharp Property Management. (Dkt. No. 4.) This Court dismissed the complaint with leave to amend the complaint to correct the deficiencies identified in the Court’s Order. (Dkt. No. 6.) On August 14, 2026, Plaintiff filed an amended complaint against Sharp Property Management, Chuck, and Kathy Hutchenson, as well as a motion to appoint counsel. (Dkt. Nos. 7, 8.)

## I BACKGROUND

Plaintiff rented an apartment from Kathy and Chuck Hutchenson, which was managed by Sharp Property Management for eight years. (Dkt. No. 7 at 43.) This claim arises from an allegation that the apartment had a roof leak for seven years exposing Plaintiff to mold and impacting his health. (*Id.*) Plaintiff states that the owners of the property decided to remodel the apartment after eight years of Plaintiff living there but refused to relocate him and his belongings pending the remodel. (*Id.*) Plaintiff alleges "Sharp Property had maintenance working on my apartment for over a month exposing mold and [debris] onto myself and belonging[s] and this impacted my health and [respiratory] system." (*Id.*) After informing Sharp Property Management about this issue, Plaintiff claims Sharp Property Management told him if he didn't like it, he could just leave. (*Id.*) Thus, Plaintiff states he provided notice of his intent to vacate and was forced onto the streets. (*Id.*)

Plaintiff contends this Court has federal question jurisdiction over his claims. (*Id.* at 3.) Specifically, Plaintiff cites to the Fair Housing Act ("FHA"). (*Id.*) Plaintiff also requests that we exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his state law claims of invasion of privacy, breach of contract, negligent and intentional infliction of emotional distress, and constructive eviction. (*Id.* at 33, 44.) Plaintiff claims his declining health from the mold exposure resulted in many hospital visits and in him losing his job. (*Id.* at 21, 23.) He also claims he is now homeless, unable to find a place to rent, and his belongings have either been thrown away or put into storage. (*Id.* at 43.)

## II LEGAL STANDARD

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

A complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

## III DISCUSSION

Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and cites the FHA, 42 U.S.C. § 3601 *et seq*., including § 3602(h). (Dkt. No. 7 at 44.) The FHA provides a basis for federal question jurisdiction when a Plaintiff asserts a nonfrivolous claim arising under the Act. However, the mere citation to a federal statute does not relieve a plaintiff of the obligation to allege facts sufficient to state a plausible claim for relief.

The FHA prohibits distinct forms of discrimination through separate statutory provisions. *See e.g.*, 42 U.S.C. §§ 3604-3606. Section 3602(h), which Plaintiff specifically cites, defines the term "handicap" but does not independently prohibit discriminatory conduct or establish a cause of action. Although Plaintiff alleges that he receives social security disability benefits for mental health conditions (*see* Dkt. No. 7 at 23), he does not allege facts plausibly suggesting the Defendants engaged in discrimination prohibited by the FHA on the basis of disability or otherwise violated a substantive provision of the Act.

Accordingly, the Court need not determine whether Plaintiff has adequately pleaded a claim under any particular provision of the FHA to recognize that his allegations, as currently pleaded, fail to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

## IV. ORDER

The Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to amend.[1] Any amended complaint SHALL be filed **no later than November 20, 2026.** The Clerk is directed to calendar this event.

Because the Court dismisses Plaintiff's complaint, Plaintiff's motion to appoint counsel (Dkt. No. 8) is DENIED as moot. If Plaintiff wishes to renew the motion to appoint counsel, Plaintiff must file a new motion to appoint counsel after the second amended complaint is filed and screened by the Court.

//

//

//

[1] Plaintiff has not stated a cause of action under federal law. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and DISMISSES them without prejudice.

Dated this 20th day of October, 2026.

David G. Estudillo
United States District Judge